IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | C.A. No. 3:20-cv-152 |
| ELIZABETH CABRERA, TANYA LEE KLINE, JASON JOSE CABRERA, AND JENNIFER ALEXIS CABRERA, | § § § § § | |
| *Defendants*. | § § | |

**COMPLAINT FOR INTERPLEADER**

Plaintiff John Hancock Life Insurance Company (U.S.A) ("John Hancock") files this Complaint for Interpleader, and states:

### I. PARTIES

1. **Plaintiff.** John Hancock is an Michigan insurance company with its principal place of business in Boston, Massachusetts, and does business in Texas.

2. **Defendant Elizabeth Cabrera.** Defendant and claimant Elizabeth Cabrera ("Elizabeth"), is an individual and citizen of Texas, and currently resides and may be served with process at 220 Frontera Rd., El Paso, Texas 79922.

3. **Defendant Tanya Lee Kline.** Defendant and claimant Tanya Lee Kline ("Tanya"), is an individual and citizen of Arizona, and currently resides and may be served with process at 2615 Arroyo Verde, Sierra Vista, Arizona 85650.

4. **Defendant Jason Jose Cabrera.** Defendant and claimant Jason Jose Cabrera ("Jason") is an individual and citizen of Arizona, and currently resides and may be served with process at 1109 Via Cabrillo, Sierra Vista, Arizona 85635.

5. **Defendant Jennifer Alexis Cabrera.** Defendant and claimant Jennifer Alexis Cabrera ("Jennifer") is an individual and citizen of Arizona, and currently resides and may be served with process at 6420 E Calle Luna, Tucson, Arizona 85710.

## II. JURISDICTION AND VENUE

6. **Jurisdiction.** This is an interpleader action to deposit the death benefit of a life insurance policy into the Court's registry pursuant to Federal Rule of Civil Procedure 22, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332. John Hancock is a citizen of Michigan and Defendants are citizens of Texas and Arizona, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. **Venue.** Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1).

## III. OPERATIVE FACTS

8. **The Policy.** John Hancock issued Modified Premium Whole Life Policy 066937058 (the "Policy") to Felix Cabrera (the "Insured"). The Policy provided $125,000.00 in life insurance coverage (the "Policy Proceeds"). When the Insured applied for the Policy on October 22, 1992, the Insured designated as the primary beneficiary under the Policy his then wife, Tanya. The insured also indicated on the application that he intended any children born of his marriage to Tanya as the contingent beneficiaries.[1] Upon information and belief, the only children between the Insured and Tanya are Jason and Jennifer. The Insured never made any changes to the Policy's beneficiary designation beyond the initial designation on the Policy application submitted on October 22, 1992.

---

[1] The Insured specifically wrote on the application that the beneficiary of the Policy is "Tanya wife if living, otherwise born of the marriage equally or the survivor."

9. **The Divorce.**  On January 8, 1996, the Insured and Tanya became divorced.  The divorce decree between the Insured and Thurman does not identify or address the Policy.

10. **The Second Marriage.**  On March 10, 1999, the Insured married Elizabeth.

11. **Death of the Insured**.  The Insured died on December 9, 2018.

12. **John Hancock's Possible Double or Multiple Liability.**  On or about June 12, 2019, John Hancock received correspondence from Elizabeth requesting information regarding the Policy Proceeds and submitting a claim to the Policy Proceeds in her capacity as the Insured's surviving spouse.  Because Elizabeth is not the primary or the contingent beneficiary on the Policy, John Hancock sent correspondence to Tanya, Jason, and Jennifer seeking information from them on whether they are asserting a claim the Policy Proceeds as well.  While John Hancock has not received any communications back from Jason or Jennifer, on February 27, 2020, Tanya submitted a claim to the Policy Proceeds asserting entitlement as the primary beneficiary on the Policy.  On multiple occasions since receiving Tanya's claim, Elizabeth has reasserted her claim to the Policy Proceeds to the exclusion of any other persons, including any claim asserted or assertable by Tanya, Jason, or Jennifer.

13. **Rival Claims**.  John Hancock has a good faith and reasonable doubt as to whom—between Elizabeth, Tanya, and Jason and Jennifer—is entitled to the Policy Proceeds for the following reasons. Although Texas Family Code § 9.301 would seemingly invalidate the Insured's designation of Tanya as primary beneficiary in light of his subsequent divorce from her on January 8, 1996, Tanya nonetheless asserts entitlement to the Policy Proceeds. If § 9.301 of the Texas Family Code does invalidate Tanya's beneficiary status, then Jason and Jennifer may be entitled to the Policy Proceeds as contingent beneficiaries. Lastly, Elizabeth claims to be entitled to the Policy Proceeds as the surviving spouse with a spousal interest pursuant to Texas community

property law.  As a result, John Hancock seeks resolution of conflicting and potentially conflicting claims in good faith. John Hancock is or may be exposed to double or multiple liability. John Hancock has no interest whatsoever in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, John Hancock has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.  John Hancock therefore desires to interplead the Policy Proceeds. John Hancock admits liability for the Policy Proceeds and tenders same to the Court.

## IV.  CLAIMS FOR RELIEF

14.     **Interpleader.**  John Hancock interpleads Defendants pursuant to Rule 22 of the Federal Rules of Civil Procedure. John Hancock has a good faith doubt as to whom the Policy Proceeds are owed.  John Hancock admits its obligation to pay the Policy Proceeds, but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability.  John Hancock is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader.  Furthermore, John Hancock has no independent liability to any claimant in this interpleader.  John Hancock shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, plus accrued interest.

15.     **Attorneys' Fees.**  John Hancock is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## V.  PRAYER

22.     **Relief Requested**. John Hancock respectfully requests the following relief:

(a)     That Defendants be served with process and be required to answer in the time and manner prescribed by law;

(b)     That Defendants be required to interplead and settle among themselves their rights and claims to the Policy Proceeds;

(c) That the Court enter an order enjoining and restraining Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy involved in this interpleader action;

(d) That on final hearing, Defendants for themselves, their heirs, legal representatives, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States court against John Hancock relating to the Policy;

(e) That John Hancock be awarded its reasonable attorneys' fees and court costs in connection with the interpleader;

(f) That John Hancock be fully and finally discharged from further liability to Defendants, and all other persons claiming by, through, or under them; and

(g) That this Court grant all such other and further relief, both general and special, at law and in equity, to which John Hancock may show itself justly entitled.

Dated:  May 29, 2020

Respectfully submitted,

By: /s/ Nicole H. Muñoz
    Andrew G. Jubinsky
    Texas Bar No. 11043000
    andy.jubinsky@figdav.com
    Nicole H. Muñoz
    Texas Bar No. 24098153
    nicole.munoz@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**ATTORNEYS FOR PLAINTIFF**
**JOHN HANCOCK LIFE INSURANCE COMPANY**